FILED
U.S. DISTRICT COURT
          DIV.
2012 JAN 18 AM 11: 01
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MARIO BENTLEY,

      Petitioner,

vs.

ANTHONY HAYNES,

      Respondent.

CIVIL ACTION NO.: CV211-112

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Mario Bentley ("Bentley"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss the petition, and Bentley filed a Traverse. For the reasons which follow, Respondent's Motion should be **GRANTED**, and Bentley's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Following a bench trial in the Middle District of Florida, Bentley was convicted of one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. No. 9-4, p. 2). Bentley was sentenced to 180 months' imprisonment. (Doc. No. 9-4, p. 3). Bentley appealed his conviction and sentence, and the Eleventh Circuit Court of Appeals affirmed. (Doc. No. 9-3).

Bentley filed a motion in the Middle District of Florida requesting that his sentence be vacated pursuant to 28 U.S.C. § 2255. (Doc. No. 9-5). The court denied the motion because it was time-barred by the statute of limitation. (Doc. No. 9-6).

In the instant petition, Bentley seeks relief under § 2241 claiming that his conviction as an armed career criminal was unconstitutional and resulted in an unconstitutional sentence imposition. He argues that his current sentence improperly exceeds the statutory maximum of 10 years as provided by 18 U.S.C. § 922(g)(1). (Doc. No. 1, p. 3). Bentley states that he should not have been convicted as an armed career criminal, in violation of 18 U.S.C. § 924(e), which carries a minimum prison term of 15 years. (Doc. No. 1, p. 4). Bentley states that "[a]t sentencing the District Court impermissibly relied on two prior State Court judgments to support a § 924(e) enhancement" because his "prior state convictions were not 'serious drug offenses' such as to trigger an enhancement under § 924(e)." (Doc. No. 1, p. 4–5). Respondent contends that Bentley's claims should be dismissed because they are not appropriate claims to be brought under § 2241. (Doc. No. 9).

## DISCUSSION AND CITATION OF AUTHORITY

Generally, a motion to vacate, set aside, or correct a sentence filed in the court of conviction pursuant to § 2255 is the proper method to be used by a prisoner seeking to collaterally attack his conviction or sentence. Darby v. Hawk-Sawyer, 405 F.3d 942, 944–45 (11th Cir. 2005) (citation omitted); 28 U.S.C. § 2255(a). After filing an unsuccessful § 2255 motion, a prisoner may file successive § 2255 motions only with permission from the appropriate court of appeals and only in the narrow circumstances prescribed by § 2255(h). A prisoner may not file a § 2241 habeas petition in an attempt

2

to circumvent the ban on successive § 2255 motions. <u>Wofford v. Scott</u>, 177 F.3d 1236, 1245 (11th Cir. 1999).

However, when a motion filed under § 2255 would be "inadequate or ineffective to test the legality of his detention," a prisoner may file a habeas petition under § 2241. 28 U.S.C. § 2255(e). A motion under § 2255 is "inadequate or ineffective" as to a prisoner's claim, thus triggering the availability of § 2241, "when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." <u>Wofford</u>, 177 F.3d at 1244. The petitioner has the burden of producing evidence showing the inadequacy or ineffectiveness of the § 2255 remedy. <u>Ramiro v. Vasquez</u>, 210 F. App'x 901, 904 (11th Cir. 2006) (citation omitted).

Bentley argues that § 2255 is ineffective or inadequate as to him, citing <u>Gilbert v. United States</u>, 640 F.3d 1293 (11th Cir. 2011), in support. Bentley argues that "because [his] claim is that his present sentence exceeds the maximum punishment statutorily specified for his crime he is authorized to seek a remedy though § 2241" based on <u>Gilbert</u>, which he argues "recogniz[ed] Government's concession that a sentence beyond the maximum punishment statutorily specified for anyone who commits the crime may be remedied in a § 2255 motion or through the savings clause in a § 2241." (Doc. No. 1, p. 4).

Bentley's argument misses the mark for two reasons. First, Gilbert was convicted of two drug offenses, and was sentenced as a career offender under § 4B1.1

of the Sentencing Guidelines. Gilbert, 640 F.3d at 1298–99. Conversely, Bentley was convicted as an armed career criminal, in violation of 18 U.S.C. § 924(e). The sentence enhancement for a career offender under § 4B1.1 of the Sentencing Guidelines was not used to calculate Bentley's sentence. As a result, Gilbert does not directly apply to Bentley's case. Second, even if Gilbert did apply to Bentley's case, Bentley would still have to meet the requirements of Wofford to bring his claim within the ambit of §2255(e) in order to bring a habeas petition pursuant to § 2241. See Gilbert, 640 F.3d at 1302. Bentley has not shown that his claim meets the requirements of Wofford.

Bentley argues that United States v. Shannon, 631 F.3d 1187 (11th Cir. 2011), mandates a finding that his prior state convictions were improperly used to convict him under 18 U.S.C. § 924(e) because that case should be used by analogy to determine that the offense of "purchase" is not a "serious drug offense." 18 U.S.C. § 924(e) defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" There is no need to use Shannon by analogy to determine that the offense of "purchase" is not a "serious drug offense" because § 924(e) itself does not define "purchase" as a "serious drug offense." Moreover, Bentley was convicted under FLA. STAT. § 893.13(1)(E)(2), (Doc. No. 9-7, p. 2), which does not include "purchase" as a potential element of the offense, (Doc. No. 9-10, p. 3).[1]

---

[1] Bentley correctly notes that the state court judgment includes "purchase" as a potential element of the offense. (Doc. No. 9-7, p. 2). However, as the Respondent contends, that appears to be a scrivener's error, as the Florida code section describing the offense does not include "purchase" as a potential element of the offense. (Doc. No. 9-10, p. 3).

4

Therefore, that "purchase" is not a "serious drug offense" does not result in a finding that Bentley's prior convictions are not "serious drug offenses."

Bentley also argues that United States v. Sanchez, 586 F.3d 918 (11th Cir. 2009), mandates a finding that his prior state convictions were improperly used to convict him under 18 U.S.C. § 924(e) because that case should be used by analogy to determine that his drug offenses were not "serious drug offenses." In Sanchez, the court noted that the charging information for the defendant's drug offenses did not disclose the quantity of cocaine involved, so the offenses could not qualify as "serious drug offenses" under 18 U.S.C. § 3559(c). Sanchez, 586 F.3d at 929–30. Bentley argues that because his judgment of conviction did not specify the quantity of drugs involved, his convictions cannot be considered "serious drug offenses." However, in Sanchez, the court determined that the quantity of drugs involved in the offenses was necessary because to qualify as a "serious drug offense" under 18 U.S.C. § 3559(c), the drug offenses must be punishable under 21 U.S.C. § 841(b)(1)(A), which is limited to offenses involving 5 kilograms or more of cocaine or 50 grams or more of cocaine base. Id. Conversely, to qualify as a "serious drug offense" under 18 U.S.C. § 924(e), there is no quantity requirement. Consequently, Sanchez does not result in a finding that Bentley's prior convictions are not "serious drug offenses."

Bentley fails to identify a new, retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense or that he was foreclosed from raising these claims in his previously-filed motions. Without meeting the Wofford test, Bentley's claims do not fall within the savings clause of § 2255; therefore, he cannot bring them under § 2241.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and Bentley's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 18th day of January, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)