**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

MARIO BENTLEY,                          :

            Petitioner,               :

                        :

      vs.                                  :          CIVIL ACTION NO.: CV211-112

                        :

ANTHONY HAYNES,                         :

            Respondent.              :

## O R D E R

Petitioner Mario Bentley ("Bentley") filed Objections to the Magistrate Judge's Report dated January 18, 2012, which recommended that Bentley's 28 U.S.C. § 2241 petition be dismissed.  In his Objections, Bentley argues, among other things, that 28 U.S.C. § 2255 was an inadequate or ineffective remedy to test the legality of his detention, thus entitling him to pursue relief under § 2241.

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.  As discussed in Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999), and in the Magistrate Judge's Report, a motion under § 2255 is inadequate or ineffective, thus triggering the availability of § 2241 relief, only when a three-part test is met.  When a prisoner's claim "1) [ ] is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been

AO 72A
(Rev. 8/82)

raised in the petitioner's trial, appeal, or first § 2255 motion[,]" then the prisoner may pursue relief under § 2241. <u>Wofford</u>, 177 F.3d at 1244.

Bentley cites two Supreme Court cases in his Objections, <u>Johnson v. United States</u>, 130 S. Ct. 1265 (2010), and <u>United States v. Rodriquez</u>, 553 U.S. 377 (2008). Neither meets the <u>Wofford</u> test. Because Bentley fails to identify a new, retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense or that he was foreclosed from raising these claims in his previously-filed motions, his claims cannot be brought pursuant to § 2241. The remaining portions of Bentley's Objections need not be addressed.

Bentley's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Bentley's 28 U.S.C. § 2241 petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this __7__ day of __February__, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)